**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**GREEN BAY PACKAGING INC.**                                                                **PLAINTIFF**

v.                                    Case No. 4:21-cv-00978-KGB

**UNITED STEEL PAPER AND FORESTRY**
**RUBBER MANUFACTURING ENERGY**
**ALLIED INDUSTRIAL AND SERVICE**
**WORKERS INTERNATIONAL UNION**
**AFL-CIO,** *et al.*                                                                                       **DEFENDANTS**

## ORDER

Before the Court is plaintiff Green Bay Packaging Inc.'s ("Green Bay") motion for telephone status conference – Rule 16(a) (Dkt. No. 15) and defendants United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, ALF-CIO CLC ("USW") and USW's Local 13-1965's ("Local 13-1965," collectively "Union") motion for Rule 16(a) conference and to stay discovery (Dkt. No. 16). Since filing the motions listed above, Green Bay filed a Rule 37(d) motion for sanctions for failure to attend a deposition (Dkt. No. 19). The Court addresses these motions below.

**I.      Request For Rule 16(a) Conference And Request To Stay Discovery**

The parties through their separate motions seek a conference with the Court to discuss the status of this case (Dkt. Nos. 15; 16). The Union separately requests that discovery be stayed until the completion of a status conference (Dkt. No. 16). Green Bay opposes the requested stay of discovery (Dkt. No. 17). For good cause shown, the Court grants both motions (Dkt. Nos. 15; 16). The Court conducted the requested pre-trial status conference on July 6, 2022; no further action is required regarding the status conference. The Court removes this case from the trial calendar and

suspends all deadlines in the Final Scheduling Order (Dkt. No. 14).  The Court will set a new trial date and other deadlines by separate order.

## II.     Green Bay's Motion For Sanctions

Green Bay moves for sanctions under Federal Rule of Civil Procedure 37(d), citing the Union's failure "to appear for properly noticed depositions" (Dkt. No. 19, at 2).  The Union representatives to be deposed did not attend a scheduled deposition because, according to the Union's counsel, the Union had a pending stay request before this Court (Dkt. No. 20, at 5).  At a telephone status hearing on July 6, 2022, counsel for the Union argued to the Court that its stay request was akin to a protective order under Rule 26.  The Court agrees with the Union.

Rule 26(c) is the authority from which the Court's ability to stay proceedings flows.  *Nunes v. Lizza*, Case No. 20-CV-4003-CJW, 2020 WL 6938825, at *1 (N.D. Iowa July 23, 2020) (citing *Steinbuch v. Cutler*, 518 F.3d 580, 588 (8th Cir. 2008), and stating that "[u]nder Rule 26(c) of the Federal Rules of Civil Procedure, a party may move the court for a protective order staying discovery" because a district court's "broad discretion to stay discovery [flows from] . . . Rule 26(c)."); *TE Connectivity Networks, Inc. v. All Sys. Broadband, Inc.*, Case No. CIV. 13-1356 ADM/FLN, 2013 WL 4487505, at *1 (D. Minn. Aug. 20, 2013) (explaining that "[u]nder Rule 26(c) of the Federal Rules of Civil Procedure, a party may move the court for a protective order staying discovery.").

Rule 37, interpreted consistent with its purpose, authorizes "an award encompassing all expenses, whenever incurred, that would not have been sustained had the opponent conducted itself properly." *In re Stauffer Seeds, Inc.*, 817 F.2d 47, 50 (8th Cir. 1987) (citation and internal quotation marks omitted).  The Supreme Court has explained that sanctions imposed under Rule 37 "must be applied diligently both 'to penalize those whose conduct may be deemed to warrant

such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent.'" *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 763–64 (1980) (alteration in original) (quoting *Nat'l Hockey League*, 427 U.S. 639, 643 (1976)).  An award of discovery sanctions is reviewed under the abuse-of-discretion standard.  *See Comiskey v. JFTJ Corp.*, 989 F.2d 1007, 1012 (8th Cir. 1993); *In re Stauffer Seeds*, 817 F.2d at 50.  Notably, Rule 37(d)(2) condones a party failing to attend a deposition when the failing party "has a pending motion for a protective order under Rule 26(c)."  Fed. R. Civ. P. 37(d)(2).

Here, the Union explained to Green Bay that it would not present witnesses for deposition because it had filed a request with this Court to stay discovery (Dkt. No. 20, at 5).  The Union's motion to stay is the equivalent of a motion for a Rule 26(c) protective order.  *See generally Nunes*, 2020 WL 6938825 at *1; *TE Connectivity Networks, Inc.*, 2013 WL 4487505 at *1.  Under these circumstances, the Court concludes that the Union satisfies the Rule 37(d)(2) exception for failing to attend a deposition.  The Union has not demonstrated a consistent pattern of failure to comply with discovery requests and with this Court's discovery-related orders.  Rather, it conformed with the commands of Rule 37(d)(2) and made reasonable and diligent efforts to inform Green Bay of how it would proceed regarding depositions.  For these reasons, the Court denies Green Bay's motion for sanctions (Dkt. No. 19).

### III. Conclusions

For the foregoing reasons, the Court grants the parties' separate requests for a status conference and grants the Union's motion for a stay (Dkt. Nos. 15; 16). The Court also denies Green Bay's motion for sanctions (Dkt. No. 19). On the Court's own motion, the Court stays this case pending the resolution of the Union's motion to dismiss, which remains under advisement (Dkt. No. 6).

It is so ordered this 7th day of July, 2022.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge